**L. Curtis FOSTER**

v.

**The UNITED STATES.**

No. 453–80C.

United States Claims Court.

Nov. 23, 1983.

John M. Calimafde, of Hopgood, Calimafde, Kalil, Blaustein & Lieberman, New York City, for plaintiff; Paul T. Meiklejohn, New York City, of counsel.

James D. Stokes, Jr., Washington, D.C., with whom was Asst. Atty. Gen., J. Paul McGrath, Washington, D.C., for defendant.

**ORDER**

COLAIANNI, Judge:

During a November 9, 1982, pretrial conference which was scheduled to discuss topics such as whether discovery would be needed by either side, the setting of a discovery cutoff date and the setting of a tentative trial date, counsel for defendant pointed out that the defendant had not procured or used any devices covered by the claims of the patent applications in suit during the relevant accounting period.[1] As a result of this revelation, counsel were instructed to discuss the matter to see if they could agree to a dismissal of the subject lawsuit. However, it was understood, in the absence of such a dismissal, that counsel for defendant would independently proceed with a dispositive motion.

Defendant's motion for summary judgment was filed on February 2, 1983. Defendant's motion urges that plaintiff's alleged 35 U.S.C. § 183 action should be dismissed with prejudice because:

[S]ince the critical date of August 30, 1978, which is the earliest time that plaintiff can allege for an assignment by Itek to him of any enforceable rights in the Z–62 and Z–64 inventions, the Central Intelligence Agency has not purchased, procured or manufactured, nor operationally used within the United States, (a) any equipment that included the particular structural configuration, or that could be used to perform the particular method, which is described by any allowed claim in the three U.S. patent applications involved in this suit, or (b) any equipment for projecting a laser beam onto an object from which the beam is reflected, and then comparing the projected beam with the reflected beam in order to obtain data about the object. Defendant believes that any other laser equipment not falling within the above-mentioned second category (b) would be totally removed from consideration as even a potential candidate to infringe, by structure or use,

---

1. Plaintiff's 35 U.S.C. § 183 claim, as narrowed by our predecessor court's order of May 4, 1982, is limited to post-assignment infringement by defendant of patents which have not been issued because of a government-imposed secrecy order.

any of the allowed patent application claims. [Footnotes omitted.]

Plaintiff's opposition was filed on April 5 and defendant's reply on May 6.

In his April 5, 1983, opposition, plaintiff complained of not having been afforded any discovery[2] to test the credibility and knowledge of the seven affiants upon which defendant's motion for summary judgment is grounded. Counsel for plaintiff also points to the possibility that pre-1978 structures have been modified or altered in the post-1978 period so that infringement has occurred during the accounting period relevant to these proceedings.

In addition, plaintiff hints at having information within his knowledge that, if true, could establish infringement. Plaintiff, however, has not identified or disclosed this information for fear that such a disclosure would be violative of national security laws and could not, in any event, be filed in the Claims Court. Plaintiff's opposition concludes with the following statement:

> For all of the above reasons, it is believed that plaintiff should be accorded at least a minimal amount of discovery so that plaintiff can either establish its case of infringement or recognize that infringement simply has not taken place since 1978.

Defendant's reply questions plaintiff's compliance with RUSCC 56(e) and (f). In effect, defendant argues that plaintiff's unsupported opposition has failed to establish the existence of a genuine issue of fact. Defendant also argues that plaintiff has not filed an affidavit as required by RUSCC 56(f) to justify his failure to meaningfully oppose defendant's motion. Defendant therefore urges that its motion for summary judgment should be granted.

Following the filing of plaintiff's opposition to defendant's motion for summary judgment, plaintiff filed a motion for consideration of affidavit.[3] The affidavit of Paul T. Meiklejohn, Esq., which accompanies that motion, outlines some of the frustrations he has experienced in attempting to conduct discovery in a case involving national security secrets.[4] Mr. Meiklejohn explains that the stringent security precautions of defendant make it nearly impossible to carry out any discovery. Mr. Meiklejohn, for example, contends that the insistence by defendant that documentation and patent applications involved in this suit only be stored in "approved facilities" has virtually prevented him from even having access to the patent applications that form the subject matter of this litigation. Mr. Meiklejohn also complains that he has only been permitted to discuss substantive aspects of the case in face-to-face meetings with his client, and since his client resides in Illinois, while counsel's offices are in New York, this has prevented any meaningful communications from taking place.

Mr. Meiklejohn also avers that he has contacted Mr. Stokes (counsel for defendant) on several occasions in an unsuccessful attempt to resolve these difficulties. Mr. Meiklejohn goes on to explain that his plight was also called to the court's attention during the November 9, 1982, pretrial conference, and that the court's request that the defendant determine if a suitable government building in the New York area could be used as the repository of the classified documents was ignored. He also claims to have contacted Mr. Stokes on several occasions, both before and after the pretrial conference, but that to date a suitable facility has not been found. As a result, Mr. Meiklejohn claims that he has been unable to receive or store needed docu-

2. Discovery in this instance is even more complicated than one usually expects in a patent case because we are dealing with patent applications that have not been permitted to issue because of a secrecy order imposed by the Central Intelligence Agency (CIA) on the subject matter of the applications.

3. During a May 26, 1983, conference call with counsel of record, it was concluded that this motion would be considered as having been filed under RUSCC 56(f).

4. The problems are further expounded upon in a May 19, 1983, letter from Mr. Meiklejohn to the court.

ments from his client and to prepare appropriate discovery requests and affidavits.

Defendant objects to plaintiff's motion as a belated attempt to overcome deficiencies in plaintiff's opposition to defendant's motion for summary judgment. In the first place, defendant points out that plaintiff's charges that national security considerations have prevented him from submitting an effective RUSCC 56(e) opposition should have been set forth in a verified showing pursuant to RUSCC 56(f) concurrently with plaintiff's April 4 opposition. Defendant also highlights various deficiencies with Mr. Meiklejohn's affidavit and points out how it fails to meet the standard established for Rule 56(f) affidavits by *Nickens v. White,* 622 F.2d 967, 970 (8th Cir.1980).

Defendant, for example, points out that the affidavit is totally devoid of detail. Nowhere does Mr. Meiklejohn state when his alleged requests to Mr. Stokes were made. Not only is there no indication of the dates that these alleged requests were made, but no correspondence evidencing such attempts are attached to support his assertions. Mr. Stokes has no record of any contacts with either Mr. Meiklejohn, or anyone else representing plaintiff, regarding discovery or the need of a secure storage facility from May 4, 1982, until the November pretrial conference.

With regard to Mr. Meiklejohn's statement that this court asked defendant to determine if a suitable New York repository could be found for classified information, Mr. Stokes correctly points out that this was only to be done after a request from the plaintiff. Mr. Stokes claims that no such request was made by Mr. Meiklejohn during the time between the November 9 pretrial conference and the February 2, 1983, filing date of defendant's motion for summary judgment. Indeed, Mr. Stokes points out that he first learned of plaintiff's needs with the filing of plaintiff's April 4, 1983, opposition to defendant's motion for summary judgment.

There seems to be little doubt that plaintiff could have proceeded in a more diligent and deliberate fashion. No good reason appears why Mr. Meiklejohn could not have filed an appropriate Rule 56(f) motion following defendant's motion for summary judgment. Such a motion would have alerted everyone to plaintiff's need for discovery to oppose defendant's motion. Unfortunately, not only was this never done, but everything that plaintiff did seemed to indicate that the preparation of the opposition was proceeding and would be filed in due course. For example, plaintiff's March 8 motion for extension of time clearly gives the impression that the time was needed to only finalize the opposition. More specifically, the March 8 motion stated:

> While the motion [defendant's motion for summary judgment] and attached exhibits have been sent to plaintiff for comments, certain comments have been received from plaintiff, and a substantial amount of preparation of the response to the motion has been already completed, the complete response cannot be filed by the March 4 due date because of the press of other litigation and prosecution matters which could not be deferred.

Equally unpersuasive is plaintiff's argument that his failure to take the needed discovery was because the court did not establish a discovery schedule at the November 8 pretrial conference. This argument, even if taken at face value, evidences a degree of confusion on the part of counsel. The schedule which was to be established at the November 9 pretrial conference related to discovery which the parties needed to prepare for the accounting trial. When it became evident that the case was susceptible of summary treatment, such a discovery schedule became moot.

It is, on the other hand, well known that discovery is often necessary to oppose motions for summary judgment. See RUSCC 56(f). It is obviously necessary for counsel to call such needs to the court's attention when appropriate. Plaintiff failed to do so in this case.

It appears evident that most, if not all, of the problems which plaintiff has pointed to could have been avoided if Mr. Meiklejohn had made a timely request to Mr. Stokes for

a New York repository and appropriate discovery. However, failing to have done so does not appear to justify a course of action that could eventually lead to the dismissal of plaintiff's case. Rather, it seems more appropriate, under the circumstances of this case, to permit a tightly supervised period for counsel to determine the facts and file, if necessary, a supplemental opposition to defendant's motion for summary judgment.

IT IS ACCORDINGLY ORDERED that:

(1) Defendant is to establish a repository in New York City for the storing of sensitive documents needed by plaintiff to prepare its opposition to defendant's motion. Defendant is to inform the court of the date that such a repository has been established;

(2) Plaintiff will have 30 days after the establishment of a suitable document repository in which to complete all relevant discovery needed to oppose defendant's motion for summary judgment;

(3) Plaintiff will then have an additional 30 days, beginning on the day following the termination of the 30-day discovery period in which to either voluntarily dismiss this litigation or prepare and file a supplemental opposition to defendant's motion for summary judgment, including any RUSCC 56(e) affidavits, if desired;

(4) No enlargement of time will be considered for the completion of paragraphs 2 and 3; and

(5) In the event that plaintiff chooses to file a supplemental opposition, defendant will have 30 days from the mailing of plaintiff's supplemental opposition to defendant's motion for summary judgment in which to file a supplemental reply.